### JESUS MORALES V. THE STATE.

No. 17951. Delivered February 19, 1936.
Appeal Reinstated March 4, 1936.
Rehearing Denied (Without Written Opinion) March 25, 1936.

The opinion states the case.

*E. P. Lipscomb,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to murder is the offense; penalty assessed at confinement in the penitentiary for three years.

The appeal bond appearing in the record is insufficient to authorized consideration of the appeal by this court for the reason that it is not approved by the sheriff. The statute, Art. 818, C. C. P., requires that the bond be approved by the sheriff as well as the judge. See Wood v. State, 83 S. W. (2d) 670, and cases cited.

Appellant is granted fifteen days from this date within which to perfect his appeal.

The appeal is dismissed.

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—This appeal was dismissed at a former day of this term because of a defective appeal bond. The defect has been cured, and the appeal is reinstated, and the case now considered upon its merits.

Appellant shot Gus Noll with a .22 rifle. Noll testified that he was in a room at the house of one Ball. He was awakened from sleep by a woman, Lucille, calling and telling him that somebody was coming in with a gun. Appellant's brother was jerking on the back door, and finally broke it open and came in. Witness said he ran into another room, and was followed by the brother of appellant, and the two engaged in a struggle over a pistol had by appellant's brother. The brother began to call for appellant, who came in the front door, and the two of them then assaulted Noll, both of them having guns. Appellant ran to his car. Witness ran out to

the gate, and it was here that appellant shot witness with a rifle. Noll was corroborated by Lucille.

Appellant testified to a contrary state of facts, admitting that he shot Noll, but saying that at the time he did so Noll was shooting at his brother with a pistol. The facts seem sufficient to support the conclusion of the jury.

There are three bills of exception, each of which when tendered to the court was by him corrected and changed, and, upon being refused by appellant, the court in each instance wrote his own bill. These three bills appear in the record, and are combatted by no bystanders bills, and in this condition are accepted by us as reflecting the supposed errors. None of the bills of exception present any error, nor do we deem it necessary to discuss same.

The judgment will be affirmed.

*Affirmed.*